## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK, 1015 15th Street Northwest, Suite 600 Washington, DC 20005 *Plaintiff,* v. U.S. DEPARTMENT OF EDUCATION, 400 Maryland Avenue Southwest Washington, DC 20202 *Defendant.* | Case No. 1:22-cv-1050 **COMPLAINT** |

## INTRODUCTION

1.     Plaintiff National Student Legal Defense Network ("Student Defense")
brings this action against the United States Department of Education
("Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and
the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and
injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 5 U.S.C.
§ 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and
28 U.S.C. § 1391(e).

4.     Because the Department has failed to comply with the applicable time-limit provisions of FOIA, Student Defense is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.     Plaintiff Student Defense is a nonpartisan, non-profit organization incorporated in the District of Columbia. Student Defense's mission is to work, through a variety of means, to advance students' rights to educational opportunity and ensure that higher education provides a launching point for economic mobility. To further its mission, Student Defense gathers information—including through responses to FOIA requests submitted to government agencies—to inform the public via, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies.

6.     Defendant U.S. Department of Education is a department of the executive branch of the United States government headquartered in Washington, DC and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of the records that Student Defense seeks.

## STATEMENT OF FACTS

7.      In 2019, Student Defense started extensive research and

investigations into the Department's enforcement efforts and collections practices

against student borrowers and institutions.

8.      This work included a series of FOIA requests and research that

culminated in several reports, including a June 2021 report titled "The Missing

Billion: The U.S. Department of Education Aggressively Pursues Financially

Distressed Student Borrowers While Letting Colleges and Executives Walk Away

From More Than a Billion in Unpaid Debt."[1]

9.      The report found that the Department listed approximately $1.2 billion

in debts owed to the Department of Education by nearly 1,300 institutions as of

February 2021.[2]

10.      Student Defense also published an October 2020 report titled

"Promoting Student Opportunity through Enforcement-Based Accountability." The

report described how the Department of Education could build cross-agency teams

to pursue enforcement actions.[3]

---

[1] *See* Daniel A. Zibel et al., *The Missing Billion: The U.S. Department of Education Aggressively Pursues Financially Distressed Student Borrowers While Letting Colleges and Executives Walk Away From More Than a Billion in Unpaid Debt*, National Student Legal Defense Network (June 2021), *available at:*
https://www.defendstudents.org/news/body/NSLDN_paper_Missing_Billion.pdf.

[2] *Id.* at 3.

[3] See Alex Elson, *Promoting Student Opportunity Through Enforcement-Based Accountability: Strengthening Postsecondary Enforcement at the U.S. Department of Education*, National Student Legal Defense Network (October 2020), available at:

11.     On March 28, 2022, Student Defense released a report titled "The Department of Education Is Still Failing to Use Its Subpoena Authority to Police Predatory Actors." The report was based on responses to FOIA requests from Student Defense that showed the Department had not issued a single subpoena to any individual or private company since 2018.[4]

12.     Over the past year, Student Defense has continued its investigations into the Department's enforcement and oversight actions and submitted several FOIA requests concerning recertification records, Administrative Actions and Appeals Service Group reports, administrative subpoenas, limitations placed on institutions and servicers, and letters of credit posted by institutions.

13.     Student Defense also represents current and former students against institutions of higher education, often in claims related to fraud and misrepresentation.

14.     Student Defense is currently in litigation against La'James International College ("LJIC"), alleging that LJIC made misrepresentations to prospective students regarding the timing and availability of financial aid, and that it illegally withheld that financial aid from current students.

---

https://www.defendstudents.org/news/body/docket/100-Day-Docket-Strengthening-Enforcement.pdf.

[4] *See The Department of Education Is Still Failing to Use Its Subpoena Authority to Police Predatory Actors, National Student Legal Defense Network* (March 28, 2022), *available at:* https://www.defendstudents.org/news/body/Student-Defense-Subpoena-Policy-Brief.pdf.

**FOIA Request #1: Recertification Records**

15.     To participate in any Title IV, Higher Education Act (HEA) program, an institution must be certified as eligible by the Secretary of Education (the "Secretary"). 34 CFR § 668.13. To be certified as eligible for Title IV programs, the Secretary must determine that the institution of higher education ("IHE") is eligible under 34 CFR § 668.8 and meets financial responsibility and administrative capability standards. 34 CFR § 668, § 668.13(a), *see generally* §§ 600 *et. seq.*

16.     If the Secretary certifies that an institution meets the standards of this subpart, the Secretary also specifies the period for which the IHE may participate in a Title IV, HEA program. 34 CFR § 668.13(b)(1).

17.     When the eligibility period expires, the IHE can apply for recertification. 34 CFR § 668.13(b).

18.     On December 2, 2021, Student Defense submitted a FOIA request for a listing of institutions that have been recertified to participate in Title IV (the "Recertification Request").

19.     Specifically, Student Defense requested a "complete listing of all institutions that have been recertified as eligible to participate in Title IV, HEA programs since October 31, 2021 through November 30, 2021," and to include for each such school the following information:

- OPEID
- Institution Name
- State
- Institution Type
- Recertification Date
- Recertification Type

- Duration of New Certification
- Previous Recertification Date
- Previous Recertification Status

20.     On December 3, 2021, the Department acknowledged its receipt of the Recertification Request, stated that it had forwarded the request "to the primary responsible office(s) for action," and assigned tracking number 22-01135-F to the request.

21.     On December 7, 2021, the Department sent an email attaching a "final response your expedited processing request." (Student Defense had not submitted an expedited processing request.) The response was dated February 24, 2022. In it, the Department stated that the request had been assigned to Federal Student Aid to search for responsive documents and also denied the purported request for expedited processing. It also updated the status of the request to "In Process."

22.     On March 14, 2022, Student Defense requested a status update.

23.     On April 11, 2022, the Department responded that "[t]he program office assigned to search for records responsive to your request is still conducting its search and review."

24.     Student Defense has not received any further communications from the Department regarding the Recertification Request.

**FOIA Request #2: AAASG Reports**

25.     The Administrative Actions and Appeals Service Group ("AAASG") is a subcomponent of the "Partner Enforcement and Consumer Protection Directorate" within the Office of Federal Student Aid ("FSA") at the Department. AAASG is

responsible for developing, initiating, and imposing Emergency Action, Termination, Limitation, Suspension, and Fine actions (collectively, "Enforcement Actions") against IHEs. It also is responsible for "[d]eveloping, drafting, and issuing notices revoking provisional [Program Participation Agreements] or denying applications for recertification or reinstatement to the student financial assistance programs."

26.    In connection with these responsibilities, AAASG generates a monthly report. The Department sends these reports to employees within the Department, as well as to external entities and individuals.

27.    On December 6, 2021, Student Defense submitted a FOIA request for all AAASG monthly reports from March 2020 to the date of the request ("AAASG Request").

28.    On December 8, 2021, the Department acknowledged receipt of the AAASG Request, stated that it had forwarded the request "to the primary responsible office(s) for action" and assigned tracking number 22-01184-F to the request. It also updated the status of the request to "In Process."

29.    On January 7, 2022, the Department emailed a "20 Day Status Notification." The notification stated that the Department would not be able to respond by the 20-day statutory requirement, because it anticipated "a large amount of responsive records."

30.    On March 14, 2022, Student Defense requested a status update.

31.     On March 17, 2022, the Department responded that "[y]our request is currently under processing review."

32.     Student Defense has not received any further communications from the Department regarding the AAASG Request.

**FOIA Request #3: Limitations**

33.     Under Title IV of the HEA (as amended), 20 U.S.C. §§ 1070 *et seq,* and its implementing regulations, IHEs participating in Title IV programs, and third-party servicers contracting with such institutions, must operate in accordance with Title IV of the HEA.

34.     If institutions or servicers violate these standards, the Department may limit institutions' participation in Title IV, HEA programs, or third-party servicers' eligibility to contract with a participating institution. 34 C.F.R § 668.82(c).

35.     The Department initiates a limitation proceeding by notifying institutions or servicers of the violation by certified mail or other more practical, expedited means. As to third-party servicers, the Department must also send notice to each IHE that contracts with the servicer. The notification must inform the institution or servicer, as appropriate, of the Department's intent to limit the participation of the entity in the Title IV programs, the consequences of such a limitation, the alleged violations constituting the basis for the action, and the limits to be imposed.

36.     On December 13, 2021, Student Defense submitted a FOIA request for records from December 2018 to the date of the request related to the Department's notice of its intent to limit IHEs' and third-party servicers' participation in Title IV programs ("Limitations Request"). Specifically, Student Defense requested:

- All documents, issued between December 2018 to the date of the request, constituting a notice of the Department's intent to *limit* an IHE's participation in Title IV Programs. Such a notice would be provided by the Department to the IHE and issued pursuant to 34 C.F.R. § 668.86.

- All documents constituting a notice provided to an IHE or third-party servicer, issued between December 2018 to the date of the request and pursuant to 34 C.F.R. § 668.86 of the Department's intent to *limit a third-party servicer's* eligibility to contract with institutions participating in Title IV Programs.

37.     On December 14, 2021, the Department acknowledged its receipt of the Limitations Request, stated that it had forwarded the request "to the primary responsible office(s) for action," and assigned tracking number 22-01262-F to the request.

38.     On December 27, 2021, the Department updated the status of the request to "In Process," and granted Student Defense's request for a fee waiver.

39.     On January 13, 2022, the Department emailed a "20 Day Status Notification." The letter stated that the Department was "unable to provide an estimated completion date, but intend[ed] to provide records on a rolling basis as they become available."

40.     On March 14, 2022, Student Defense requested a status update.

41.     On March 28, 2022, the Department responded that "[t]he program office assigned to search for records responsive to your request is still conducting its search."

42.     Student Defense has not received any further communications from the Department regarding the Limitations Request.

**FOIA Request #4: Letters of Credit**

43.     Under the HEA and Department regulations, IHEs that fail to meet financial responsibility standards may be required to post a Letter of Credit ("LOC") or other surety to the Department to provide financial protection for the government. HEA § 498(a), 20 U.S.C. § 1099c(c)(3); 34 C.F.R § 668.175. An LOC can insure against costs incurred by the federal government if a school closes and students become eligible to have their federal student loans discharged.

44.     On December 2, 2021, Student Defense submitted a FOIA request for the Department's records of all currently held LOCs (the "LOC Request").

45.     Specifically, Student Defense requested "a log, consisting of every letter of credit currently held by the Department as of November 30, 2021, that has been posted by, or on behalf of, any institution participating in one or more Title IV, HEA programs, including the following information:"

- OPEID
- Institution Name
- State
- Institution Type
- Institution Fiscal Year End Date
- LOC Request Date
- Reason LOC Requested

- LOC Received Date
- LOC Amount
- LOC Percent Requested
- Notes

46.     On December 3, 2021, the Department acknowledged its receipt of the LOC Request, stated that it had forwarded the request "to the primary responsible office(s) for action," and assigned tracking number 22-01134-F to the request.

47.     On December 9, 2021, the Department granted Student Defense's request for a fee waiver and updated the status to "In Process."

48.     On December 29, 2021, the Department sent a "20 Day Status Notification" dated January 4, 2022, which stated that "[a]t this time, we are unable to provide an estimated completion date, but intend to provide records on a rolling basis as they become available."

49.     On January 4, 2022, Nathan Wilson, from the Department's Office of Strategic Communications, wrote that "[t]oday I received an update from our subject-matter experts working on your request and they have indicated that given the labor-intensive nature of this request they will need until February 21, 2022 to prepare the data you've requested." The Department did not produce the requested information on or before February 21, 2022.

50.     On March 14, 2022, Student Defense requested a status update.

51.     On March 16, 2022, the Department responded that "[t]he program office assigned to search for records responsive to your request is still conducting its search."

52.     Student Defense has not received any further communications from the Department regarding the LOC Request.

**FOIA Request #5: Title VI Enforcement**

53.     An IHE may participate in programs under Title IV of the HEA only if it enters into a written Program Participation Agreement ("PPA") with the Secretary. *See generally* 20 U.S.C. § 1094(a); 34 C.F.R. § 668.14.

54.     As a condition of participation in the Title IV programs, IHEs must agree to comply, and must comply, with Title VI of the Civil Rights Act of 1964, as amended, and its implementing regulations, 34 C.F.R. §§ 100-01 (barring discrimination on the basis of race, color, or national origin).

55.     On December 14, 2021, Student Defense submitted a FOIA request (the "Title VI Enforcement Request"), requesting:

- All communications between Federal Student Aid and any IHE discussing, enforcing, or relating to the PPA provision requiring compliance with Title VI of the Civil Rights Act of 1964, as amended, and its implementing regulations, 34 C.F.R. §§ 100-01;

- All documents constituting Final Program Review Determinations (FPRDs) that contain one or more Findings;

- All documents constituting Final Audit Determinations (FADs) that contain one or more Findings that an institution has violated Title VI of the Civil Rights Act of 1964, as amended, and its implementing regulations, as that phrase is used in the Department's PPAs;

- All documents constituting or reflecting denials of recertification for an IHE to participate in Title IV due, in whole or in part, to an institution's violation of the PPA provision requiring compliance with Title VI of the Civil Rights Act of 1964, as amended and its implementing regulations, as that phrase is used in the Department's PPAs; *and*

12

- All documents constituting or reflecting actions brought by the Department under 34 C.F.R. Part 668 Subpart G due, in whole or in part, to an institution's violation of the PPA provision requiring compliance with Title VI of the Civil Rights Act of 1964 as amended, and its implementing regulations, as that phrase is used in the Department's PPAs.

56.     On December 15, 2021, the Department acknowledged the FOIA request, stating that it had been "forwarded to the primary responsible office(s) for action," and assigned tracking number 22-01269-F.

57.     On December 27, 2021, the Department granted Student Defense's request for a fee waiver and updated the status of the request to "In Process."

58.     On March 14, 2022, Student Defense requested a status update.

59.     On March 17, 2022, the Department responded that Student Defense's "request is currently with the Program Office(s) searching for records responsive to your request."

60.     Student Defense has not received any further communications from the Department regarding the Title VI Enforcement Request.

**FOIA Requests # 6 and # 7 Related to LJIC**

61.     On May 12, 2020, Student Defense filed a lawsuit in the Iowa District Court for Polk County against LJIC, an Iowa cosmetology school, on behalf of individually named current and former students and a class of similarly situated persons for violations of the Iowa Consumer Fraud Act, Iowa Code §714H.5, and for fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, and breach of contract. The lawsuit alleges that LJIC made

misrepresentations to prospective students regarding the timing and availability of financial aid and illegally withheld that financial aid from current students. The case is still pending.

62.     As part of its investigation, Student Defense submitted FOIA requests to the Department regarding LJIC's eligibility for Title IV and LJIC's applications for renewal of certification.

63.     Under Title IV of the HEA and Department regulations, institutions of higher education must agree to administer Title IV programs in accordance with all statutory provisions of the HEA.

64.     The Secretary of Education is mandated by law under Section 498A of the HEA 20 U.S.C. §§ 1094(c) and 1099c, to conduct program reviews and audits of institutions of higher education participating in the Title IV, HEA programs. Depending on the findings of such a review or audit, the Department may determine that a particular program no longer meets eligibility requirements for Title IV. 34 CFR § 668.112, 20 U.S. Code § 1094.

65.     On May 30, 2019, Mr. Dvak Corwin, Department Compliance Manager, sent a letter to Ms. Cynthia Beecher, President of LJIC. In the letter, Mr. Corwin states that during the Department's program review of LJIC's Davenport campus, "concerns were raised regarding the eligibility" of LJIC's Hybrid Cosmetology Program due to inadequate monitoring procedures. The Department informed LJIC that as a result, it would halt processing of HCM2 reimbursements for Hybrid Cosmetology students "until the eligibility can be determined." LJIC

continued to enroll Title IV students into the program until November 2019. LJIC claimed in correspondence to the Iowa Attorney General that around May 2020 the Department and LJIC reached an agreement regarding funding for Hybrid Cosmetology students and that the two parties continued to finalize details through June or July 2020.

66.    To participate in programs under Title IV of the HEA, an institution must also enter into a written Program Participation Agreement ("PPA") with the Secretary, on a form approved by the Secretary. *See generally* 34 C.F.R. § 668.14, *see also* C.F.R. § 668.13(c).

67.    LJIC's PPAs were set to expire on September 30, 2021. To continue Title IV participation, LJIC was required to submit materially complete applications for renewal of certification at least 90 days before the expiration of its previous PPAs. 34 CFR § 668.13(b)(2).

68.    On June 22, 2021, Student Defense submitted a FOIA request (the "LJIC Eligibility Request") via email for:

> [A]ny records relating to the Department's May 2019 decision to halt processing of HCM2 requests for students enrolled in La'James International College's Hybrid Cosmetology Program until the program's eligibility could be determined. This includes all correspondence between the Department and La'James regarding this decision, as well as any subsequent agreements and correspondence between La'James and the Department regarding funding for the program. This request includes all documentation related to program reviews of LJIC, any annual compliance audits, and any resulting final audit or program review determinations that pertain to the Hybrid Cosmetology Program.

69.    On June 23, 2021, the Department wrote that the request "was

forwarded to the primary responsible office(s) for action. The Department also assigned tracking number 21-01955-F.

70.    On June 30, 2021, the Department granted Student Defense's fee waiver request and updated the status of the FOIA request to "In Process."

71.    On August 4, 2021, Student Defense emailed the Department to ask for a status update on the request.

72.    On August 4, 2021, the Department responded that "[w]e are currently still conducting the document search for this request. I will forward your email on to the primary analyst for your request so that they can check with the individual office's progress in their search."

73.    On September 7, 2021, Student Defense emailed the Department again to ask for a status update.

74.    On October 12, 2021, Student Defense again emailed the Department to ask for a status update.

75.    On November 16, 2021, Student Defense again emailed the Department to ask for a status update.

76.    On November 16, 2021, the Department responded that the FOIA request was in "Pending" status, and that the "program office assigned to search for records responsive to your request is still conducting its search."

77.    On February 7, 2022, Student Defense emailed the Department to ask for a status update on the request.

78.    On March 21, 2022, Student Defense again emailed the Department to ask for a status update on the request.

79.    Student Defense has not received any further communications from the Department regarding the LJIC Eligibility Request.

80.    On September 29, 2021, Student Defense submitted a FOIA request (the "LJIC Applications Request") for "[a]ny applications for renewals of certification submitted by La'James International College (OPEID Nos. 01300600, 00959300, 02274100, 02134500, 00842400) since 2019."

81.    On September 30, 2021, the Department acknowledged receipt of the request and assigned tracking number 21-02938-F.

82.    On October 15, 2021, the Department updated the request's status to "In Process."

83.    On October 29, 2021, the Department sent a "20-Day Notification" letter, stating that the request "was forwarded to the appropriate office(s) within the Department for any responsive documents they may have."

84.    On February 7, 2022, Student Defense asked the Department for a status update.

85.    On February 8, 2022, the Department responded that the status of the request was "Pending" and that the "program office assigned to search for records responsive to your request is still conducting its search."

86.    On March 21, 2022, Student Defense asked the Department for a status update.

87.     Student Defense has not received any further communications from the Department regarding the LJIC Application Request

**Exhaustion of Administrative Remedies**

88.     As of the date of this complaint, the Department has failed to: (a) notify Student Defense of any determination regarding the Records Recertification Request, AAASG Request, Limitations Request, Letters of Credit Request, Title VI Enforcement Request, LJIC Eligibility Request, or LJIC Applications Request, including the scope of any responsive records the Department intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

89.     Through the Department's failure to respond to the Records Recertification Request, AAASG Request, Limitations Request, Letters of Credit Request, Title VI Enforcement Request, LJIC Eligibility Request, and LJIC Applications Request within the time period required by law, Student Defense has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Responsive Records**

90.    Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

91.    Student Defense properly requested records within the possession, custody, and control of the Department.

92.    The Department is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

93.    The Department has failed to promptly review agency records for the purpose of locating those records that are responsive to the Recertification Request, AAASG Request, Limitations Request, Letters of Credit Request, Title VI Enforcement Request, LJIC Eligibility Request, and LJIC Applications Request.

94.    The Department's failure to conduct adequate searches for responsive records violates FOIA.

95.    Student Defense is therefore entitled to injunctive and declaratory relief requiring the Department to promptly make reasonable efforts to search for records responsive to Student Defense's FOIA requests.

## COUNT II
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records

96.     Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

97.     Through the Records Recertification Request, AAASG Request, Limitations Request, Letters of Credit Request, Title VI Enforcement Request, LJIC Eligibility Request, and LJIC Applications Request, Student Defense properly requested records within the possession, custody, and control of the Department.

98.     The Department is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

99.     The Department is wrongfully withholding non-exempt agency records requested through the Records Recertification Request, AAASG Request, Limitations Request, Letters of Credit Request, Title VI Enforcement Request, LJIC Eligibility Request, and LJIC Applications Request, by Student Defense, by failing to produce non-exempt records responsive to its FOIA requests.

100.    The Department's failure to provide all non-exempt responsive records violates FOIA.

101.    Student Defense is therefore entitled to declaratory and injunctive relief requiring the Department to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, Student Defense respectfully requests the Court to:

1.      Order the Department to conduct searches reasonably calculated to uncover all records responsive to the Records Recertification Request, AAASG Request, Limitations Request, Letters of Credit Request, Title VI Enforcement Request, LJIC Eligibility Request, and LJIC Applications Request;

2.      Order the Department to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to the Records Recertification Request, AAASG Request, Limitations Request, Letters of Credit Request, Title VI Enforcement Request, LJIC Eligibility Request, and LJIC Applications Request, and indexes justifying the withholding of any responsive records withheld under claim of exemption;

3.      Enjoin the Department from continuing to withhold any and all non-exempt records responsive to the Records Recertification Request, AAASG Request, Limitations Request, Letters of Credit Request, Title VI Enforcement Request, LJIC Eligibility Request, and LJIC Applications Request;

4.      Award Student Defense the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

5.      Grant Student Defense such other relief as the Court deems just and proper.

Dated: April 14, 2022

Respectfully submitted,

*/s/Emily Goldman*
Emily Goldman (D.C. Bar 1032032)
National Student Legal Defense
Network
1015 15th Street N.W., Suite 600
Washington, D.C. 20005
emily@defendstudents.org
(202) 734-7495